1  **NICHOLAS & TOMASEVIC, LLP**
      Craig M. Nicholas (SBN 178444)
2     Alex Tomasevic (SBN 245598)
      Shaun Markley (SBN 291785)
3  225 Broadway, 19th Floor
   San Diego, California 92101
4  Tel: (619) 325-0492
   Fax: (619) 325-0492
5  Email: cnicholas@nicholaslaw.org
   Email: atomasevic@nicholaslaw.org
6  Email: smarkley@nicholaslaw.org

7  Attorneys for Plaintiff William Steve Valencia

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

'17 CV0250 GPC JMA

| | |
|---|---|
| WILLIAM STEVE VALENCIA, an individual, and LUIS FERNANDEZ SOTO, an individual, on behalf of themselves and on behalf of others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>NORTH STAR GAS LTD. CO., a California corporation; PEOPLEASE LLC, a South Carolina Corporation,<br><br>Defendants. | **COLLECTIVE AND CLASS ACTION COMPLAINT FOR:**<br><br>**(1) FAILURE TO PAY WAGES DUE UNDER THE FAIR LABOR STANDARDS ACT;**<br><br>**(2) FAILURE TO PAY OVERTIME DUE UNDER STATE LAW;**<br><br>**(3) FAILURE TO PAY REGULAR WAGES UNDER STATE LAW;**<br><br>**(4) FAILURE TO PAY MEAL PERIOD PREMIUM PAY UNDER STATE LAW;**<br><br>**(5) FAILURE TO PAY REST BREAK PREMIUM PAY UNDER STATE LAW;**<br><br>**(6) FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS UNDER STATE LAW;**<br><br>**(7) FAILURE TO TIMELY PAY WAGES UNDER STATE LAW; and**<br><br>**(8) VIOLATION OF CALIFORNIA'S UCL.** |

CLASS ACTION COMPLAINT

Plaintiffs WILLIAM STEVE VALENCIA ("Valencia") and LUIS FERNANDEZ SOTO ("Soto") (collectively "Plaintiffs"), bring this action against Defendants NORTH STAR GAS LTD. CO. ("North Star"), PEOPLEASE LLC ("Peoplease") (collectively "Defendants"), on behalf of themselves and all others similarly situated, and allege on information and belief as follows:

## **INTRODUCTION**

1. This is a hybrid collective action, under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA") for violation of federal law, and class action, under Federal Rule of Civil Procedure ("FRCP") Rule 23, for violations of California state law.

2. Defendants own, operate, or otherwise manage a natural gas company responsible for the distribution and supply of propane. Defendants employ Plaintiffs and others to transport propane by driving various routes to and from Defendants' propane supply. These routes run throughout California, among other States.

3. Plaintiffs, the COLLECTIVE ACTION GROUP, and the CALIFORNIA CLASS, defined *infra*, are current and former non-exempt employees who transported propane along certain routes for Defendants. It takes many hours to transport propane along these routes. As a result, these employees often work well in excess of 8 hours per day and 40 hours per week. Despite this, Defendants do not pay any overtime compensation, among other shortcomings.

4. Defendants' employment practices are in violation of the FLSA, the Code of Federal Regulations, the California Labor Code, the California Code of Regulations, California Industrial Wage Commission ("IWC") Wage Orders, and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.* Their employment practices are unfair to their employees and competitors.

5. Plaintiffs, on behalf of themselves and others similarly situated, bring this complaint for recovery of wages, penalties, and unjust gains realized by Defendants.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiffs' federal law, FLSA claims pursuant to 28 U.S.C. §§ 1331 and 1343(4) because these claims seek redress for violations of Plaintiffs' federal civil and statutory rights.

7. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a), because these claims are so closely related to Plaintiffs' federal claims that they form parts of the same case or controversy under Article III of the United States Constitution.

8. This Court has jurisdiction over North Star because it is a California corporation with its principle place of business in San Diego. It conducts substantial business in California. North Star intentionally availed itself to the laws and markets of California through its residency and the operation of its business in California.

9. This Court has jurisdiction over Peoplease, because it conducts substantial business in California. Peoplease intentionally availed itself to the laws and markets of California through operation of its business in California. Peoplease has sufficient minimum contacts with California to allow this Court to exercise jurisdiction.

10. Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1391(b) and (c). A substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial District.

## THE PARTIES

11. Plaintiff William Steve Valencia is, and at all times herein mentioned was, an individual residing in the County of San Diego, California. Valencia was

employed by Defendants as a non-exempt driver from approximately February 2016 to August 2016.

12. Plaintiff Luis Fernandez Soto is, and at all times herein mentioned was, an individual residing in the County of San Diego, California. Soto was employed by Defendants as a non-exempt driver from approximately February 2016 to August 2016.

13. Plaintiffs are informed and believe defendant North Star Gas Ltd. Co. is, and at all times mentioned was, a corporation organized and existing under and by virtue of the laws of the State of California, and doing business in the County of San Diego, State of California. North Star owns, operates, or otherwise manages a natural gas company responsible for distribution and supply of propane. On information and belief, North Star employs over forty drivers who transport propane along certain routes. These routes run throughout California, among other States.

14. Plaintiffs are informed and believe defendant Peoplease LLC is, and at all times mentioned was, a corporation organized and existing under and by virtue of the laws of the State of South Carolina. Peoplease does business in the County of San Diego, State of California. Peoplease is Plaintiffs' co-employer responsible for paying wages, payroll, and employment law compliance. Peoplease works with North Star to administer human resource services.

15. At all times mentioned, Defendants were the agents, employees, alter egos, servants, joint venturers, or joint employers for and of each other. Defendants acted with the consent of the other Co-Defendants and acted within the course, purpose, and scope of their agency, service, or employment. All conduct was ratified by Defendants, and each of them.

## **GENERAL ALLEGATIONS**

16. Defendants own, operate, or otherwise manage a natural gas company responsible for distribution and supply of propane. Defendants employ Plaintiffs

and others to transport propane by driving various routes to and from Defendants' propane supply. These routes run throughout California, among other States.

17. Plaintiffs, the COLLECTIVE ACTION GROUP, and the CALIFORNIA CLASS are compensated piece rate, for each route driven. It takes many hours to transport propane along a given route. As a result, Defendants' drivers often work well in excess of 8 hours per day and 40 hours per week. Despite this, Defendants do not pay any overtime compensation.

18. In addition to piece rate compensation, Plaintiffs and the CALIFORNIA CLASS receive compensation for "non-productive time" and rest breaks. They are paid minimum wage for two hours of "non-productive time." This accounts for time spent at work but not directly engaged in driving their respective routes (loading, paperwork, etc.). For each full day of work, these individuals also receive compensation for a set amount of break time at a rate of $25/hour.

19. Compensation for non-productive time is inadequate in several respects. First, the amount paid does not adequately cover all non-productive time. Well over two hours of non-productive time take place each shift. Additionally, Defendants do not pay non-productive time at an overtime rate. This is so despite Defendants' awareness that much of the non-productive time occurs beyond 8 hours in a day and 40 hours in a week.

20. While Defendants compensate for some rest break time each shift, they fail to actually permit off-duty rest breaks. Likewise, 30 minute meal periods in which drivers are relieved of all duties are not provided and/or are not timely provided. Defendants' drivers are encouraged not to stop on their lengthy routes and to complete their work as quickly as possible. They must carry a cell phone and be available to respond to Defendants' calls and take requested action at any moment.

21. Defendants do not compensate for one hour of time at the regular rate of pay (which Defendants admit is $25.00/hour) for the missed meal and rest

periods. Their payment for rest breaks, which are not in fact taken, is insufficient to meet their obligation in this respect.

22. Additionally, Defendants failed to provide Plaintiffs and CALIFORNIA CLASS with adequate wage statements reflecting total hours worked and accurate gross and net wages, among other shortcomings.

## **COLLECTIVE ACTION ALLEGATIONS**

23. By their actions described in this complaint, Defendants violated the FLSA and Plaintiffs now bring a collective action for violations of the FLSA on behalf of the COLLECTIVE ACTION GROUP which is defined as:

> All persons nationwide who were, are, or will be employed by Defendants as non-exempt, piece rate drivers or other substantially similar positions during the period commencing three years prior to the filing of this Complaint and ending on the date as the Court shall determine.

24. To the extent equitable tolling operates to toll claims by the COLLECTIVE ACTION GROUP against the Defendants, the applicable statute of limitations and period for calculating damages should be adjusted accordingly.

25. Plaintiffs bring this lawsuit on behalf of themselves individually and the COLLECTIVE ACTION GROUP as a collective action. Defendants are engaged in communication, business, and transmission throughout the United States and are, therefore, engaged in commerce within the meaning of 29 U.S.C. § 203(b).

26. Federal labor law mandates that an employee must be compensated for all hours worked, including straight time compensation and overtime compensation. For all hours worked over 40 in a week, overtime compensation is due at a rate not less than one and one half times the regular rate of pay. This is equally true for employees receiving piece rate compensation.

27. Defendants willfully engaged in a widespread pattern and practice of violating these provisions by failing to pay required overtime wages.

28. This action meets all prerequisites for the maintenance of a collective action under the FLSA. Specifically:

(a) The persons who comprise the COLLECTIVE ACTION GROUP exceed 40 persons and are therefore so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b) Nearly all factual, legal, statutory, declaratory, and injunctive relief issues raised in this Complaint are common to the COLLECTIVE ACTION GROUP and will apply uniformly to every member of the COLLECTIVE ACTION GROUP;

(c) The claims of the representative Plaintiffs are typical of the claims of each member of the COLLECTIVE ACTION GROUP. Plaintiffs, like all other members of the COLLECTIVE ACTION GROUP, were subjected to Defendants' illegal practices of failing to pay all required wages, namely overtime. Plaintiffs sustained economic injury as a result of Defendants' employment practices. Plaintiffs and the members of the COLLECTIVE ACTION GROUP were and are similarly or identically harmed by the same unlawful, deceptive, unfair, and pervasive pattern of misconduct engaged in by Defendants; and

(d) The representative Plaintiffs will fairly and adequately represent and protect the interest of the COLLECTIVE ACTION GROUP, and have retained attorneys who are competent and experienced in similar litigation. There are no material conflicts between the claims of the representative Plaintiffs and the members of the COLLECTIVE ACTION GROUP that would make collective treatment inappropriate. Counsel for the COLLECTIVE ACTION GROUP will vigorously assert the claims of the entire COLLECTIVE ACTION GROUP.

# CALIFORNIA CLASS ALLEGATIONS

29. Plaintiffs also bring claims under California law as a class action pursuant to FRCP Rule 23 on behalf of a CALIFORNIA CLASS which consists of:

> All Defendants' California employees who were, are, or will be employed as non-exempt, piece rate drivers or other substantially similar positions during the period commencing four years prior to the filing of this Complaint and ending on the date as determined by the Court.

30. To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against Defendants, the applicable statute of limitations or recovery period should be adjusted accordingly.

31. Plaintiffs are informed and believe that at least one member of the CALIFORNIA CLASS is a citizen of a state other than California. Plaintiffs are informed and believes that the amount in controversy in the Complaint exceeds the sum or value of $5,000,000.

32. Defendants' corporate policies, practices, and procedures are in violation of the applicable California Labor Code, IWC Wage Order Requirements, and other applicable provisions of California law in several respects. They intentionally, knowingly, and willfully refused to pay all compensation owed to the Plaintiffs and the CALIFORNIA CLASS for their hours worked, including overtime compensation. They also failed to provide accurate itemized wage statements, failed to provide meal and rest breaks or compensation in lieu, and failed to pay all wages when due.

33. This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in FRCP Rule 23, in that:

   (a) The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

   (b) Nearly all factual, legal, statutory, declaratory, and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA

CLASS and will apply uniformly to every member of the CALIFORNIA CLASS;

(c) The claims of the representative Plaintiffs are typical of the claims of each member of the CALIFORNIA CLASS. Plaintiffs, like all other members of the CALIFORNIA CLASS, were subjected to Defendants' illegal practice of refusing to pay adequate wages, refusing to provide meal and rest breaks, refusing to pay wages when due, and refusing to provide accurate wage statements. Plaintiffs sustained economic injury as a result of Defendants' employment practices. Plaintiffs and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair, and pervasive pattern of misconduct engaged in by Defendants; and

(d) The representative Plaintiffs will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and have retained attorneys who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative Plaintiffs and the members of the CALIFORNIA CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS members.

34. In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to FRCP Rule 23, in that:

(a) Without class certification and determination of declaratory, injunctive, statutory, and other legal questions within a class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of: inconsistent or varying adjudications with respect to individual members and/or establishing incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS which would, as

a practical matter, be dispositive of interests of other members not party to the adjudication. This would substantially impair or impede their ability to protect their interests.

(b) The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole.

(c) Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above. These common questions predominate over any question affecting only individual members. A Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

    1) The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions;

    2) The extent and nature of any litigation concerning the controversy already commenced by or against members of the CALIFORNIA CLASS;

    3) The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

    4) The difficulties likely to be encountered in the management of a Class Action; and,

    5) The basis of Defendants' conduct towards Plaintiffs and the CALIFORNIA CLASS.

[*rest of page intentionally left blank*]

# FIRST CAUSE OF ACTION
## BY PLAINTIFFS ON BEHALF OF THEMSELVES AND COLLECTIVELY ON BEHALF OF THOSE SIMILARLY SITUATED FOR FAILURE TO PAY WAGES DUE UNDER THE FLSA
### (Collective Action under the FLSA)

35. Plaintiffs incorporate by reference each and every allegation contained above.

36. Plaintiffs bring this claim individually and on behalf of the COLLECTIVE ACTION GROUP.

37. Defendants knowingly, willfully, and intentionally, failed to compensate Plaintiffs and the COLLECTIVE ACTION GROUP all wages due and owed under the FLSA, including agreed-upon wages and the applicable minimum hourly wage, as mandated by 29 U.S.C. § 206(a), and for overtime hours, as mandated by 29 U.S.C. § 207(a), 29 C.F.R. §778.0 et seq., 29 C.F.R. §778.223, and 29 C.F.R. §778.315.

38. Defendants' willful violation of the FLSA entitles Plaintiffs to recover unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest. This amount will be determined at trial. *See* 29 U.S.C. § 216(b).

# SECOND CAUSE OF ACTION
## BY PLAINTIFFS ON BEHALF OF THEMSELVES AND THE CALIFORNIA CLASS FOR FAILURE TO PAY OVERTIME DUE UNDER STATE LAW
### (Class Action under FRCP Rule 23)

39. Plaintiffs incorporate by reference each and every allegation contained above.

40. Plaintiffs bring this claim individually and on behalf of the CALIFORNIA CLASS.

41. Defendants failed to compensate Plaintiffs and the CALIFORNIA CLASS for overtime.

42. Plaintiffs are entitled to recover the full amount of their overtime pay, interest, applicable penalties, attorneys' fees, and costs.

### THIRD CAUSE OF ACTION
### BY PLAINTIFFS ON BEHALF OF THEMSELVES AND THE CALIFORNIA CLASS FOR FAILURE TO PAY REGULAR WAGES UNDER STATE LAW
### (Class Action under FRCP Rule 23)

43. Plaintiffs incorporate by reference each and every allegation contained above.

44. Plaintiffs bring this claim individually and on behalf of the CALIFORNIA CLASS.

45. In California, piece rate employees must be separately compensated for non-productive time – the time an employee spends at work not directly engaged in a piece rate activity. While Defendants compensated Plaintiffs and the CALIFORNIA CLASS for 2 hours of non-productive time per shift, this was not sufficient to account for the amount of non-productive time actually incurred during a shift. As a result, regular wages were not adequately paid.

46. Plaintiffs are entitled to recover the full amount of their regular pay, interest, applicable penalties, attorneys' fees, and costs.

### FOURTH CAUSE OF ACTION
### BY PLAINTIFFS ON BEHALF OF THEMSELVES AND THE CALIFORNIA CLASS FOR FAILURE TO PAY MEAL PERIOD PREMIUM PAY UNDER STATE LAW
### (Class Action under FRCP Rule 23)

47. Plaintiffs incorporate by reference each and every allegation contained above.

48. Plaintiffs bring this claim individually and on behalf of the CALIFORNIA CLASS.

49. Under California law, during qualifying shifts, employees are entitled to an uninterrupted meal period during which they are relieved of all duties. Employees must not be on call or otherwise subject to their employer's control over this period.

50. For each qualifying shift during which meal periods are not provided, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation.

51. Plaintiffs and the CALIFORNIA CLASS consistently worked qualifying shifts without adequate meal periods. Defendants failed to compensate for this.

52. Plaintiffs are entitled to recover an amount equal to one hour of wages per missed meal period, interest, applicable penalties, attorneys' fees, and costs.

**FIFTH CAUSE OF ACTION**
**BY PLAINTIFFS ON BEHALF OF THEMSELVES AND**
**THE CALIFORNIA CLASS FOR FAILURE TO PAY**
**REST BREAK PREMIUM PAY UNDER STATE LAW**
**(Class Action under FRCP Rule 23)**

53. Plaintiffs incorporate by reference each and every allegation contained above.

54. Plaintiffs bring this claim individually and on behalf of the CALIFORNIA CLASS.

55. Under California law, employees are entitled to a paid ten minute rest break during qualifying shifts. Employers must relieve employees of all duties and relinquish control over how they spend their rest breaks. For each day adequate rest periods are not provided, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation.

56. Plaintiffs and the CALIFORNIA CLASS consistently worked qualifying shifts without adequate rest breaks. Defendants failed to adequately compensate for these missed breaks.

57. Plaintiffs are entitled to recover an amount equal to one hour of wages per missed rest break, interest, applicable penalties, attorneys' fees, and costs.

# SIXTH CAUSE OF ACTION
## BY PLAINTIFFS ON BEHALF OF THEMSELVES AND THE CALIFORNIA CLASS FOR FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
### (Class Action under FRCP Rule 23)

58. Plaintiffs incorporate each and every allegation contained above and below.

59. Plaintiffs bring this claim individually and on behalf of the CALIFORNIA CLASS.

60. The purpose for California's wage statement requirement, Labor Code section 226 et seq., is to ensure the employees are able to determine whether or not they are being paid their wages in accordance with California law. Under Labor Code section 226(h), "[a]n employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees."

61. Defendants violated the above statute by failing to provide accurate and complete paystubs/wage statements. Defendants' wage statements fail to accurately reflect hours worked, overtime pay, gross wages, net wages, and premium wages for failure to provide lawful meal and rest periods, among other shortcomings. Because Plaintiffs were not aware of what their true wages should be and how they were calculated, they suffered economic loss in the form of lower wages for their labor.

62. Defendants' violations in this respect are ongoing and will continue until and unless this Court enters an injunction barring such violations. Plaintiffs therefore seek damages and injunctive relief pursuant to Labor Code section 226, including attorneys' fees and costs incurred therein.

63. Plaintiffs are entitled to recover applicable penalties, attorneys' fees, and costs.

14
CLASS ACTION COMPLAINT

### SEVENTH CAUSE OF ACTION
### BY PLAINTIFFS ON BEHALF OF THEMSELVES AND THE CALIFORNIA CLASS FOR FAILURE TO TIMELY PAY WAGES UNDER STATE LAW
### (Class Action under FRCP Rule 23)

64. Plaintiffs incorporate by reference each and every allegation contained above.

65. Plaintiffs bring this claim individually and on behalf of the CALIFORNIA CLASS.

66. Pursuant to California Labor Code section 201, unpaid wages are due upon termination.

67. Defendant failed to pay the earned and unpaid wages of Plaintiffs and the CALIFORNIA CLASS in the required amount of time.

68. Pursuant to California Labor Code section 203, "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

69. Accordingly, Plaintiffs and the CALIFORNIA CLASS are entitled to recover waiting-time penalties under California Labor Code section 203 in an amount equal to 30 times their daily wage.

### EIGHTH CAUSE OF ACTION
### BY PLAINTIFFS ON BEHALF OF THEMSELVES AND THE CALIFORNIA CLASS FOR VIOLATION OF CALIFORNIA'S UCL
### (Class Action under FRCP Rule 23)

70. Plaintiffs incorporate each and every allegation contained above and below.

71. Plaintiffs bring this claim individually and on behalf of the CALIFORNIA CLASS.

72. California Business & Professions Code section 17200 et seq. ("UCL") prohibits any unlawful, unfair, deceptive, or fraudulent business practice.

73. Defendants committed and continue to commit business practices within the meaning of California's UCL, including, but not limited to: (i) Compelling Plaintiffs to work for periods of five or more consecutive hours without having at least a one half hour break for meals; (ii) Compelling Plaintiffs to work for periods of four or more consecutive hours without having at least a one ten minute rest period; (iii) Failing to pay premium wages earned while working without the legally mandated meal and rest breaks; (iv) Failing to pay the full amount of regular and overtime wages earned during workdays; (v) Failing to pay the full amount of their earned and unpaid wages at the time of discharge; and (vi) Failing to provide accurate and itemized wage statements.

74. The unlawful business practices described above have proximately caused monetary damages to Plaintiffs and to the general public.

75. Pursuant to the UCL, Plaintiffs and the CALIFORNIA CLASS are entitled to restitution of money or property acquired by Defendants by means of such business practices, in amounts not yet known, but to be ascertained at trial.

76. Pursuant to the UCL, Plaintiffs and the general public are entitled to injunctive relief against Defendants' ongoing continuation of such business practices.

77. If Defendants are not enjoined from engaging in the unlawful business practices described above, Plaintiffs and the general public will be irreparably injured, the exact extent, nature, and amount of such injury being impossible to ascertain.

78. Plaintiffs have no plain, speedy, and adequate remedy at law.

79. Defendants, if not enjoined by this Court, will continue to engage in the unlawful business practices described above in violation of the UCL, in derogation of the rights of Plaintiffs and of the general public.

16
CLASS ACTION COMPLAINT

80. Plaintiffs' success in this action will result in the enforcement of important rights affecting the public interest by conferring a significant benefit upon the general public.

81. Private enforcement of these rights is necessary as no public agency has pursued enforcement. There is a financial burden incurred in pursuing this action, and it would be against the interests of justice to require the payment of attorneys' fees from any recovery in this action. Plaintiffs are therefore entitled to an award of attorneys' fees and costs of suit pursuant to the UCL and California Code of Civil Procedure section 1021.5.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on their own behalf and on the behalf of those similarly situated, pray for judgment as follows:

1. For an order certifying the federal claims as a collective action;

2. For an order certifying the state law claims as a class action under FRCP Rule 23;

3. For consequential damages according to proof;

4. For statutory damages and penalties according to proof;

5. For a declaration that Defendants violated the rights of Plaintiffs and those similarly situated under California and federal law;

6. For liquidated damages according to proof pursuant to California Labor Code section 1194.2 and the FLSA;

7. For waiting time penalties according to proof pursuant to California Labor Code sections 201, 202, and 203;

8. That Defendants be ordered to show cause why they should not be enjoined and ordered to comply with the applicable Labor Code and FLSA provisions related to minimum wage compensation, overtime compensation, meal and rest breaks, and record keeping for Defendants' employees; and for an order

enjoining and restraining Defendants and their agents, servants, and employees related thereto;

9. For restitution to Plaintiffs and those similarly situated of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to violate the mandates established by California's UCL;

10. For an injunction to prohibit Defendants from engaging in the unfair business practices complained of here;

11. For an injunction requiring Defendants to give notice to persons to whom restitution is owing of the means by which to file for restitution;

12. For actual damages or statutory penalties according to proof as set forth in California Labor Code section 226;

13. For pre-judgment interest as allowed by California Labor Code sections 218.5 or 1194 and California Civil Code section 3287;

14. For reasonable attorneys' fees, expenses, and costs as provided by the California Labor Code, the California Code of Civil Procedure, namely section 1021.5, and the FLSA; and

15. For such other relief that the court may deem just and proper.

## **REQUEST FOR JURY TRIAL**

Plaintiffs hereby request a Trial by Jury.

DATED: February 8, 2017          **NICHOLAS & TOMASEVIC, LLP**

By:  /s/ Shaun Markley  
Shaun Markley  
**NICHOLAS & TOMASEVIC, LLP**  
225 Broadway, Floor 19  
San Diego, CA 92101  
Tel: (619) 325-0492  
Fax: (619) 325-0496  
Email: smarkley@nicholaslaw.org

Attorneys for Plaintiffs