UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM STEVE VALENCIA, an individual, and LUIS FERNANDEZ SOTO, an individual, on behalf of themselves and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NORTH STAR GAS LTD. CO., a California corporation; PEOPLEASE LLC, a South Carolina Corporation,<br><br>Defendants. | Case No.: 3:17-cv-00250-GPC-JMA<br><br>**ORDER GRANTING DEFENDANT PEOPLEASE'S MOTION TO DISMISS AND GRANTING PLAINTIFFS LEAVE TO AMEND WITHIN 14 DAYS OF ENTRY OF THIS ORDER**<br><br>**[ECF No. 7.]** |

Before the Court is Defendant Peoplease, LLC's ("Defendant's" or "Peoplease's") motion to dismiss Plaintiffs William Steve Valencia and Luis Fernandez Soto's (collectively, "Plaintiffs'") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and, in the alternative, a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (Dkt. No. 7.) The motion has been fully briefed. (Dkt. Nos. 10, 13.) The Court deems Defendant's motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having reviewed the moving papers and applicable law, and for the reasons set forth below, the Court **GRANTS**

Defendant's motion to dismiss.

## BACKGROUND

On February 8, 2017, Plaintiffs William Steve Valencia ("Valencia" or "Plaintiff") and Luis Fernandez Soto ("Soto" or "Plaintiff") filed a putative hybrid class action in federal court against Defendants North Star Gas Ltd. Co. ("North Star" or "Defendant") and Peoplease LLC ("Peoplease" or "Defendant"). (Dkt. No. 1, Compl.) Plaintiffs bring a putative collective action for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and a putative class action under Federal Rule of Civil Procedure 23 ("Rule 23") for violations of California state law. (*Id.* ¶ 1.)

Plaintiffs allege that North Star "owns, operates, or otherwise manages a natural gas company responsible for distribution and supply of propane." (*Id.* ¶ 13.) Plaintiffs allege that Peoplease "is Plaintiffs' co-employer responsible for paying wages, payroll, and employment law compliance," and that Peoplease "works with North Star to administer human resource services." (*Id.* ¶ 14.) Plaintiffs allege that "Defendants employ Plaintiffs and others to transport propane by driving various routes to and from Defendants' propane supply. These routes run throughout California, among other States." (*Id.* ¶ 2.) Plaintiffs bring the instant action on behalf of themselves and on behalf of "current and former non-exempt employees who transported propane along certain routes for Defendants." (*Id.* ¶ 3.) Plaintiffs' core contention is that although "employees often work well in excess of 8 hours per day and 40 hours per week," due to the length of time necessary to transport propane along certain routes, Defendants fail to pay Plaintiffs any overtime compensation. (*Id.* ¶ 3.) Plaintiffs also allege that Defendants do not adequately compensate drivers for non-productive time and do not provide adequate wage statements. (*Id.* ¶¶ 18–22.)

Plaintiffs assert eight claims for relief based on Defendants' (1) failure to pay wages due under the FLSA, (2) failure to pay overtime due under state law, (3) failure to pay regular wages under state law, (4) failure to pay meal period premium pay under state law, (5) failure to pay rest break premium pay under state law, (6) failure to provide

accurate itemized wage statements under state law, (7) failure to timely pay wages under state law, and (8) violation of the UCL. Plaintiffs do not specify under which state laws their second through fifth claims are brought.

Peoplease filed the instant motion on March 21, 2017 under Federal Rule of Civil Procedure 12(b)(6) and 12(e). (Dkt. No. 7.) Peoplease asserts that it is not in an employment relationship with Plaintiffs and thus cannot be held liable for violations of the Labor Code or the FLSA. (*Id.* at 7.) Peoplease further asserts that Plaintiffs' Complaint is impermissibly vague for failure to specify the relevant statutes under which certain state law claims are brought, and for failure to specify which Defendant each cause of action is pled against. (*Id.* at 8.) In the alternative, Peoplease requests that the Court order Plaintiffs to make a more definite statement regarding their allegations against Peoplease. (*Id.*) Plaintiffs responded on April 14, 2017, (Dkt. No. 10), and Peoplease replied on April 28, 2017, (Dkt. No. 13).

**LEGAL STANDARD**

**I.   Rule 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12 (b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is

facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. *Lee v. Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

## II. Rule 12(e)

Federal Rule of Civil Procedure 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e).

/ / / /

**DISCUSSION**

Plaintiffs' only specific allegations regarding PEOPLEASE are as follows:

> Plaintiffs are informed and believe defendant Peoplease LLC is, and at all times mentioned was, a corporation organized and existing under and by virtue of the laws of the State of South Carolina. Peoplease does business in the County of San Diego, State of California. Peoplease is Plaintiffs' co-employer responsible for paying wages, payroll, and employment law compliance. Peoplease works with North Star to administer human resource services.

(Compl. ¶ 14.)

> At all times mentioned, Defendants were the agents, employees, alter egos, servants, joint ventures, or joint employers for and of each other. Defendants acted with the consent of the other Co-Defendants and acted within the course, purpose, and scope of their agency, service, or employment. All conduct was ratified by Defendants, and each of them.

(Compl. ¶ 15.)

## I. Whether Peoplease is an Employer Under the California Labor Code

Peoplease first argues that it is not Plaintiffs' "employer" under the California Labor Code. (Dkt. No. 7-1 at 11–17.) The Court agrees that Plaintiffs have not met their burden to plead that Peoplease employed them within meaning of state law.

Cal. Lab. Code § 1194 provides employees a cause of action for unpaid minimum wages or overtime compensation.[1] To be liable under Cal. Lab. Code § 1194, a defendant must be an employer. *See Martinez v. Combs*, 49 Cal. 4th 35, 49 (Cal. 2010), *as modified* (June 9, 2010) ("That only an employer can be liable, however, seems logically inevitable as no generally applicable rule of law imposes on anyone other than an employer a duty to pay wages."). The California Supreme Court has adopted the

---

[1] Cal. Lab. Code § 1194 provides, in pertinent part:
> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

Cal. Lab. Code § 1194(a).

5

Industrial Welfare Commission's ("IWC's") definitions of the employment relationship for actions under § 1194. *See id.* at 52. "To employ . . . under the IWC's definition, has three alternative definitions. It means: (a) to exercise control over the wages, hours or working conditions, *or* (b) to suffer or permit to work, *or* (c) to engage, thereby creating a common law employment relationship." *Id.* at 64.

### A. Control Over Wages, Hours, or Working Conditions

Plaintiffs do not allege or contend that Peoplease exercises control over their hours or working conditions. (*See* Compl. ¶ 14; Dkt. No. 10.) Plaintiffs argue that Peoplease exercises control over their wages. (*See id.*) However, Plaintiffs' allegations do not give rise to a reasonable inference that Peoplease exercised control over their wages.

"'[C]ontrol over wages' means that a person or entity has the power or authority to negotiate and set an employee's rate of pay, and not that a person or entity is physically involved in the preparation of an employee's paycheck." *Futrell v. Payday California, Inc.*, 190 Cal. App. 4th 1419, 1432 (Cal. Ct. App. 2010).

> The task of preparing payroll, whether done by an internal division or department of an employer, or by an outside vendor of an employer, does not make Payday an employer for purposes of liability for wages under the Labor Code wage statutes. The preparation of payroll is largely a ministerial task, albeit a complex task in today's marketplace. The employer, however, is the party who hires the employee and benefits from the employee's work, and thus it is the employer to whom liability should be affixed for any unpaid wages.

*Id.*; *see also Field v. Am. Mortg. Exp. Corp.*, No. C-09-5972 EMC, 2011 WL 3354344, at *4 (N.D. Cal. Aug. 2, 2011) (interpreting California law and rejecting plaintiff's argument that defendant payroll processing company exercised control over plaintiff's wages where defendant's "role was simply to carry out the ministerial task of payroll processing"). Here, Plaintiffs have not alleged any facts showing that Peoplease had the power or authority to negotiate and set their rates of pay, beyond the mere responsibility to provide Plaintiffs with payment. *See Futrell*, 190 Cal. App. 4th at 1433 (citing cases concluding that "a payroll company, or any other person or entity that processes payroll,

is not an employer because he, she, or it, does not control the hiring, firing, and day-to-day supervision of workers supplying the labor"). Absent factual allegations tending to show such power or authority, Plaintiffs' Complaint does not yield a reasonable inference that Peoplease exercised control over Plaintiffs' wages.[2] Plaintiffs' allegations thus do not satisfy the first definition of employment articulated in *Martinez*.

Plaintiffs correctly point out that Peoplease cites to cases adjudicated at summary judgment, not at a motion to dismiss stage. (Dkt. No. 10 at 9.) However, this observation does not save Plaintiffs' threadbare allegations. Plaintiffs' characterization of their allegations extend well beyond the bare language in their Complaint. (*See, e.g.*, Dkt. No. 10 at 9 (noting that Peoplease "offer[s] a variety of services, including but not limited to, payroll, workers' compensation, tax, human resources, employee benefits, compliance, and risk management" and stating that "human resources includes recruiting, hiring, negotiating and setting pay rates, setting schedules and hours, training, providing employee reviews, carrying out employee discipline and investigations, and terminating employment"), 10 (stating that Peoplease's responsibilities extend "beyond the mere preparation of a paycheck" and that Peoplease "controls the exact payment of wages at issue in this action"), 12 (stating that Peoplease "controls substantial aspects of Plaintiffs' rate and method of pay" and performs services such as "intervening in employment disputes to reach resolution").) Plaintiffs may include such allegations in an Amended Complaint.

### B. To Suffer or Permit to Work

Plaintiffs also have not alleged any facts showing that Peoplease suffered or permitted them to work. "A proprietor who knows that persons are working in his or her

---

[2] Plaintiffs' citation to dicta in *Martinez* does not avail their argument. "Certainly a promise to pay a person for work would be an offer of employment, as well as an exercise of control over wages and hours sufficient to bring the promisor within the wage order's definition of 'employer.'" *Martinez*, 49 Cal. 4th at 74 (citing Wage Order No. 14, Cal.Code Regs., tit. 8, § 11140, subd. 2(F)). Here, Plaintiffs have not identified a promise by Peoplease to pay for work and have not alleged an exercise of control over wages and hours sufficient to bring Peoplease within the state law definition of "employer."

7

business without having been formally hired, or while being paid less than the minimum wage, clearly suffers or permits that work by failing to prevent it, while having the power to do so." *Martinez*, 49 Cal. 4th at 69; *see also Futrell*, 190 Cal. App. 4th at 1434 ("There is no evidence in the current case [defendant payroll processing company] allowed [plaintiff] to suffer work, or permitted him to work, because there is no evidence showing [defendant] had the power to either cause him to work or prevent him from working."). Plaintiffs' allegations do not satisfy the second definition of employment articulated in *Martinez*.

### C. Common Law Employment Test

Finally, Plaintiffs have not alleged any facts showing that Peoplease created a common law employment relationship with Plaintiffs.

> The essence of the common law test of employment is in the "control of details." A number of factors may be considered in evaluating this control, including: (1) whether the worker is engaged in a distinct occupation or business; (2) whether, considering the kind of occupation and locality, the work is usually done under the alleged employer's direction or without supervision; (3) the skill required; (4) whether the alleged employer or worker supplies the instrumentalities, tools, and place of work; (5) the length of time the services are to be performed; (6) the method of payment, whether by time or by job; (7) whether the work is part of the alleged employer's regular business; and (8) whether the parties believe they are creating an employer-employee relationship. The parties' use of a label to describe their relationship does not control and will be ignored where the evidence of their actual conduct establishes a different relationship exists.

*Futrell*, 190 Cal. App. 4th at 1434 (internal citations omitted). Plaintiffs' allegations do not satisfy the third definition of employment articulated in *Martinez*.

### II. Whether Peoplease is an Employer under the FLSA

Peoplease next argues that it is not Plaintiffs' "employer" under the FLSA. (Dkt. No. 7-1 at 17–20.) The Court agrees that Plaintiffs have not met their burden to plead that Peoplease was a joint employer of Plaintiffs under the FLSA.

To be liable under the FLSA, a defendant must be the plaintiff's "employer." *See Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983),

8

3:17-cv-00250-GPC-JMA

business without having been formally hired, or while being paid less than the minimum wage, clearly suffers or permits that work by failing to prevent it, while having the power to do so." *Martinez*, 49 Cal. 4th at 69; *see also Futrell*, 190 Cal. App. 4th at 1434 ("There is no evidence in the current case [defendant payroll processing company] allowed [plaintiff] to suffer work, or permitted him to work, because there is no evidence showing [defendant] had the power to either cause him to work or prevent him from working."). Plaintiffs' allegations do not satisfy the second definition of employment articulated in *Martinez*.

### C. Common Law Employment Test

Finally, Plaintiffs have not alleged any facts showing that Peoplease created a common law employment relationship with Plaintiffs.

> The essence of the common law test of employment is in the "control of details." A number of factors may be considered in evaluating this control, including: (1) whether the worker is engaged in a distinct occupation or business; (2) whether, considering the kind of occupation and locality, the work is usually done under the alleged employer's direction or without supervision; (3) the skill required; (4) whether the alleged employer or worker supplies the instrumentalities, tools, and place of work; (5) the length of time the services are to be performed; (6) the method of payment, whether by time or by job; (7) whether the work is part of the alleged employer's regular business; and (8) whether the parties believe they are creating an employer-employee relationship. The parties' use of a label to describe their relationship does not control and will be ignored where the evidence of their actual conduct establishes a different relationship exists.

*Futrell*, 190 Cal. App. 4th at 1434 (internal citations omitted). Plaintiffs' allegations do not satisfy the third definition of employment articulated in *Martinez*.

### II. Whether Peoplease is an Employer under the FLSA

Peoplease next argues that it is not Plaintiffs' "employer" under the FLSA. (Dkt. No. 7-1 at 17–20.) The Court agrees that Plaintiffs have not met their burden to plead that Peoplease was a joint employer of Plaintiffs under the FLSA.

To be liable under the FLSA, a defendant must be the plaintiff's "employer." *See Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983),

*abrogated on other grounds by Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528 (1985). Two or more employers may be joint employers for purposes of the FLSA. *See id.* at 1469; *see also* 29 C.F.R. § 825.106. Courts evaluate the "economic reality" of an employment situation to determine whether an employment relationship exists under the FLSA. *See Goldberg v. Whitaker House Coop.*, 366 U.S. 28, 33 (1961). The Ninth Circuit employs a non-exhaustive list of factors for the "economic reality" assessment. *See Bonnette*, 704 F.2d at 1470. These factors include, *inter alia*, whether the employer: "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* (internal citation omitted); *see also Moreau v. Air France*, 356 F.3d 942, 946–47 (9th Cir. 2004) (confirming the *Bonnette* factors and articulating additional factors that may be relevant to the analysis).

While Plaintiffs' burden at the pleading stage is light, Plaintiffs' allegations do not give rise to a plausible inference that Peoplease had the power to hire and fire Plaintiffs, that Peoplease supervised and controlled Plaintiffs' work schedules or conditions of employment, that Peoplease determined the rate and method of payment, or that Peoplease maintained employment records. The totality of the circumstances do not suggest that Peoplease was a joint employer of Plaintiffs in "economic reality." *See Bonnette*, 704 F.2d at 1470 (concluding that state agency was a joint employer of plaintiffs, where the agency paid plaintiffs' wages, controlled the rate and method of payment, maintained employment records, "exercised considerable control over the structure and conditions of employment by making the final determination, after consultation with the [co-employer], of the number of hours each [plaintiff] would work and exactly what tasks would be performed," and "intervened when problems arose which the [co-employer] and the [plaintiff] could not resolve").

/ / / /

/ / / /

9

3:17-cv-00250-GPC-JMA

### III. Ambiguity in Pleading

Peoplease argues that Plaintiffs' Complaint suffers from a number of deficiencies: (1) Plaintiffs' third claim does not exist under the California Labor Code, (Dkt. No. 7-1 at 21); (2) Plaintiffs do not specify against which Defendant each claim is pled, (*id.* at 21–22); and (3) Plaintiffs do not specify under which state laws their second through fifth claims are brought, (*id.* at 22–23).[3] In their opposition brief, Plaintiffs specify under which statute their third claim is brought, (Dkt. No. 10 at 13), and note that each claim is pled against both Defendants, (*id.* at 14). However, Plaintiffs do not specify under which laws their second, fourth, and fifth claims are brought; they suggest that defense counsel should be capable of identifying the labor statutes at issue. (*Id.*)

Plaintiffs should cure the aforementioned deficiencies in an amended pleading. While "[p]arties are expected to use discovery, not the pleadings, to learn the specifics of the claims being asserted," *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994), fact discovery will not clarify Plaintiffs' legal theories. Plaintiffs have responded to Peoplease's first and second objections in their opposition brief, and should include this information in their Amended Complaint. Given Plaintiffs' position that the relevant labor statutes are readily discernible, Plaintiffs should be able to identify the statutes in an Amended Complaint.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss. Plaintiffs may amend their Complaint within fourteen (14) days of entry of this Order.

**IT IS SO ORDERED.**

---

[3] Peoplease also argues that Plaintiffs have failed to allege alter ego liability. (Dkt. No. 7-1 at 23–24 (citing Compl. ¶ 15).) Plaintiffs respond that they seek to hold Peoplease liable as a joint employer, not as an alter ego, of North Star. (Dkt. No. 10 at 14.) Given Plaintiffs' representation, Plaintiffs should remove their formulaic recitation of alter ego liability from their Amended Complaint. To the extent Plaintiffs wish to assert an alter ego liability theory in their Amended Complaint, Plaintiffs should heed the pleading requirements for overcoming the state law presumption against alter ego liability. *See, e.g.*, *Johnson v. Serenity Transportation, Inc.*, 141 F. Supp. 3d 974, 983–84 (N.D. Cal. 2015).

Dated: May 16, 2017

_____
Hon. Gonzalo P. Curiel
United States District Judge