UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM STEVE VALENCIA, an individual, and LUIS FERNANDEZ SOTO, an individual, on behalf of themselves and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NORTH STAR GAS LTD. CO., a California corporation; PEOPLEASE LLC, a South Carolina Corporation,<br><br>Defendants. | Case No.: 3:17-cv-00250-GPC-JMA<br><br>**ORDER GRANTING DEFENDANT PEOPLEASE'S MOTION TO DISMISS**<br><br>**[ECF No. 21.]** |

Before the Court is Defendant Peoplease, LLC's ("Defendant's" or "Peoplease's") motion to dismiss Plaintiffs William Steve Valencia and Luis Fernandez Soto's (collectively, "Plaintiffs'") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 21. The motion has been fully briefed. Dkt. Nos. 23, 45. The Court deems Defendant's motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having reviewed the moving papers and applicable law, and for the reasons set forth below, the Court **GRANTS** Defendant's motion to dismiss

Defendant Peoplease, LLC.

## BACKGROUND

On February 8, 2017, Plaintiffs William Steve Valencia ("Valencia" or "Plaintiff") and Luis Fernandez Soto ("Soto" or "Plaintiff") filed a putative hybrid class action in federal court against Defendants North Star Gas Ltd. Co. ("North Star" or "Defendant") and Peoplease LLC ("Peoplease" or "Defendant"). Dkt. No. 1. On June 27, 2017, this Court granted Defendant Peoplease's motion to dismiss for failure to state a claim, but granted plaintiffs leave to amend. Dkt. No. 14. Plaintiffs filed their First Amended Complaint ("FAC") on May 30, 2017. Dkt. No. 15.

Plaintiffs bring a putative collective action for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, a putative class action under Federal Rule of Civil Procedure 23 ("Rule 23") for violations of California state law, and a representative action under the Private Attorney General Act, Cal. Labor Code § 2698, *et seq.* FAC ¶ 1. Plaintiffs allege that North Star "owns, operates, or otherwise manages a natural gas company responsible for distribution and supply of propane." *Id.* ¶ 13.

In their FAC, Plaintiffs have expanded their discussion of Peoplease's role. Peoplease served as Plaintiffs' co-employer. *Id.* ¶ 15. Peoplease advised Plaintiffs that they served as plaintiffs' "co-employer" and had responsibility for paying plaintiffs' wages, administering some benefit programs, and working with site supervisors to administer all human resources functions. *Id.* ¶ 16. Peoplease offers human resource offerings, which include tasks such as "recruiting, hiring, negotiating and setting pay rates, setting schedules and hours, training. . . " *Id.* ¶ 17. Plaintiffs allege that Peoplease "control[led] substantial aspects of Plaintiffs' rate and method of pay." *Id.* ¶ 18. In particular, Peoplease "dictated whether Plaintiffs received overtime on their piece rate earnings" and "did much more than just the ministerial task of handing out payroll." *Id.* Finally, Plaintiffs asserted that Peoplease "[a]s the co-employer responsible for all human

2

3:17-cv-00250-GPC-JMA

resources functions and as a leading provider of administrative solutions and services for the transportation and logistics industry . . . sets and negotiates rates of pay." *Id.* ¶ 19.

Plaintiffs bring the instant action on behalf of themselves and on behalf of "current and former non-exempt employees who transported propane along certain routes for Defendants." *Id.* ¶ 3. Plaintiffs assert nine claims for relief based on Defendants' (1) failure to pay wages due under the FLSA, (2) failure to pay overtime due under state law, (3) failure to pay regular wages under state law, (4) failure to pay meal period premium pay under state law, (5) failure to pay rest break premium pay under state law, (6) failure to provide accurate itemized wage statements under state law, (7) failure to timely pay wages under state law; (8) violation of the UCL; (9) enforcement of the Private Attorney General Act ("PAGA"), Cal. Labor Code §§ 2698 *et seq.*.

Peoplease filed the instant motion on June 27, 2017 under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 21. Peoplease asserts that it is not in an employment relationship with Plaintiffs and thus cannot be held liable for violations of the Labor Code or the FLSA. Mot. at 4, 15. Plaintiffs responded on August 4, 2017 and Peoplease replied on January 12, 2018. Dkt. No. 23, 45.[1]

## LEGAL STANDARD

### I. Rule 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12 (b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to

---

[1] The parties twice jointly requested and were granted continuances of the hearing date for this instant motion. The hearing date was moved to November 3, 2017, then later to January 26, 2017. *See* Dkt. Nos. 24, 26, 33, 34.

3

dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. *Lee v. Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

4

3:17-cv-00250-GPC-JMA

# DISCUSSION

## I. Whether Peoplease is an Employer Under the California Labor Code

Peoplease first argument is that it is not Plaintiffs' "employer" under the California Labor Code. Mot. at 4–14. The Court agrees that Plaintiffs have once again not met their burden their burden to plead that Peoplease employed them within the meaning of state law.

Cal. Lab. Code § 1194 provides employees a cause of action for unpaid minimum wages or overtime compensation.[2] To be liable under Cal. Lab. Code § 1194, a defendant must be an employer. *See Martinez v. Combs*, 49 Cal. 4th 35, 49 (2010), *as modified* (June 9, 2010) ("That only an employer can be liable, however, seems logically inevitable as no generally applicable rule of law imposes on anyone other than an employer a duty to pay wages."). The California Supreme Court has adopted the Industrial Welfare Commission's ("IWC's") definitions of the employment relationship for actions under § 1194. *See id.* at 52. "To employ . . . under the IWC's definition, has three alternative definitions. It means: (a) to exercise control over the wages, hours or working conditions, *or* (b) to suffer or permit to work,[3] *or* (c) to engage, thereby creating a common law employment relationship."[4] *Id.* at 64 (emphasis in original).

---

[2] Cal. Lab. Code § 1194(a) provides, in pertinent part:
> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

[3] Plaintiffs fail to allege any facts showing that Peoplease suffered or permitted Plaintiffs' to work. *See* Opp. at 9 ("Plaintiffs need not also allege Peoplease suffered or permitted their work or engaged them, thereby creating a common law employment relationship."). *See also Martinez*, 49 Cal. 4th at 69 ("A proprietor who knows that persons are working in his or her business without having been formally hired, or while being paid less than the minimum wage, clearly suffers or permits that work by failing to prevent it, while having the power to do so.").

[4] Plaintiffs have also not alleged any facts showing that Peoplease created a common law employment relationship with Plaintiffs. *See* Opp. at 9 ("Plaintiffs need not also allege Peoplease suffered or

5

3:17-cv-00250-GPC-JMA

### A. Control Over Wages, Hours, or Working Conditions

Plaintiffs do not allege or contend that Peoplease exercises control over their hours or working conditions. *See* Compl. ¶ 14-20; Opp. at 5. Plaintiffs' sole argument is that Peoplease exercises control over their wages. *See id.* Plaintiffs' revised complaint still does not give rise to a reasonable inference that Peoplease exercised control over their wages under California law.

"'[C]ontrol over wages' means that a person or entity has the power or authority to negotiate and set an employee's rate of pay, and not that a person or entity is physically involved in the preparation of an employee's paycheck." *Futrell v. Payday California, Inc.*, 190 Cal. App. 4th 1419, 1432 (2010).

> The task of preparing payroll, whether done by an internal division or department of an employer, or by an outside vendor of an employer, does not make Payday an employer for purposes of liability for wages under the Labor Code wage statutes. The preparation of payroll is largely a ministerial task, albeit a complex task in today's marketplace. The employer, however, is the party who hires the employee and benefits from the employee's work, and thus it is the employer to whom liability should be affixed for any unpaid wages.

*Id.*; *see also Field v. Am. Mortg. Exp. Corp.*, No. C-09-5972 EMC, 2011 WL 3354344, at *4 (N.D. Cal. Aug. 2, 2011) (interpreting California law and rejecting plaintiff's

---

permitted their work or engaged them, thereby creating a common law employment relationship."). As stated in *Futrell*, 190 Cal. App. 4th at 1434:
> The essence of the common law test of employment is in the "control of details." A number of factors may be considered in evaluating this control, including: (1) whether the worker is engaged in a distinct occupation or business; (2) whether, considering the kind of occupation and locality, the work is usually done under the alleged employer's direction or without supervision; (3) the skill required; (4) whether the alleged employer or worker supplies the instrumentalities, tools, and place of work; (5) the length of time the services are to be performed; (6) the method of payment, whether by time or by job; (7) whether the work is part of the alleged employer's regular business; and (8) whether the parties believe they are creating an employer-employee relationship. The parties' use of a label to describe their relationship does not control and will be ignored where the evidence of their actual conduct establishes a different relationship exists.

argument that defendant payroll processing company exercised control over plaintiff's wages where defendant's "role was simply to carry out the ministerial task of payroll processing").

Here, Plaintiffs have not adequately alleged facts showing that Peoplease had the power or authority to negotiate and set their rates of pay, beyond the mere responsibility to provide Plaintiffs with payment.[5] *See Futrell*, 190 Cal. App. 4th at 1433 (citing cases concluding that "a payroll company, or any other person or entity that processes payroll, is not an employer because he, she, or it, does not control the hiring, firing, and day-to-day supervision of workers supplying the labor"). In their First Amended Complaint, Plaintiffs' contend that Peoplease, "as the co-employer responsible for all human resources functions . . . sets and negotiates rates of pay." FAC ¶ 19. This conclusory allegation is not enough to survive a motion to dismiss under the standards established in *Iqbal* and *Twombly*. Plaintiffs' pleading is particularly deficient as it fails to allege that Peoplease actually set and negotiated rates of pay for the employees at issue in this case, rather than for the industry as a whole. *See, e.g.*, Mot. at 12 (arguing that Plaintiffs' claims refer only to setting the "industry's rate of pay," not "*Plaintiffs'* rate of pay.").[6] The FAC is lacking, for example, allegations that Peoplease conducted actual salary negotiations with Mr. Valencia or Mr. Soto, actually set Mr. Valencia or Mr. Soto's wage

---

[5] Plaintiffs correctly point out that Peoplease cites to cases adjudicated at summary judgment, not at a motion to dismiss stage. (Opp. at 7-8.) As the Court has previously stated, this observation does not save Plaintiffs' threadbare allegations. *See* Dkt. No. 14 at 17. Moreover, numerous cases have dismissed similar claims at the motion to dismiss/demurrer stage. *See, e.g.*, *Goonewardene v. ADP, LLC*, 5 Cal. App. 154, 160, 166 (2016) (affirming trial court's dismissal of proposed Sixth Amended Complaint for payment processor); *Johnson v. Serenity Transportation, Inc.*, 141 F. Supp. 3d 974, 998 (N.D. Cal. 2015) (dismissing claim where customer defendants failed to exercise control over drivers' wages under *Futrell*).

[6] Plaintiffs' allegation that "Peoplease *dictated* whether Plaintiffs received overtime on their piece rate earnings" is not enough to suggest an inference that Peoplease had the *power or authority* to control Plaintiffs' wages. *See Futrell*, 190 Cal. App. 4th at 1432 (calculation of pay is a ministerial task that does not indicate control over wages).

rates at a certain number, or other facts indicating that North Star delegated the *power or authority* to set the wages of its employees to Peoplease. Without additional facts, the Court concludes the statements that Peoplease "set and negotiate[d] rates of pay" are merely conclusory regurgitations of the law, rather than well-pleaded factual allegations.[7] *See OSU Student All. v. Ray*, 699 F.3d 1053, 1061 (9th Cir. 2012) (to survive a Rule 12(b)(6) motion plaintiff must plead "sufficient factual matter" that is "plausible on its face."); *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) ("However, we do not accept any unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations.").

Plaintiffs' allegations thus do not satisfy the first definition of employment articulated in *Martinez*. Absent factual allegations tending to show such power or authority, Plaintiffs' Complaint does not yield a reasonable inference that Peoplease exercised control over Plaintiffs' wages. Accordingly, Plaintiffs have not adequately pled that Peoplease qualifies as an "employer" under California law.

## II. Whether Peoplease is an Employer under the FLSA

Peoplease next argues that it is not Plaintiffs' "employer" under the FLSA. Mot. at 15-18. The Court agrees that Plaintiffs have not met their burden to plead that Peoplease was a joint employer of Plaintiffs under the FLSA.

To be liable under the FLSA, a defendant must be the plaintiff's "employer." *See Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983), *abrogated on other grounds by Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528, 538 (1985).[8] Two or more employers may be joint employers for purposes of the FLSA. *See id.* at 1469; *see also* 29 C.F.R. § 825.106. Courts evaluate the "economic

---

[7] Plaintiffs also assert that they "control[] substantial aspects of Plaintiffs' rate and method of pay" but do not articulate what "substantial aspects" of the pay rate Peoplease actually controls.

[8] The determination of whether a party is an "employer" within the meaning of the FLSA is a question of law. *Bonnette*, 704 F.2d at 1469.

8

reality" of an employment situation to determine whether an employment relationship exists under the FLSA. *See Goldberg v. Whitaker House Coop.*, 366 U.S. 28, 33 (1961). The Ninth Circuit employs a non-exhaustive list of factors for the "economic reality" assessment. *See Bonnette*, 704 F.2d at 1470. These factors include, *inter alia*, whether the employer: "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* (internal citation omitted); *see also Moreau v. Air France*, 356 F.3d 942, 946–47 (9th Cir. 2004) (confirming the *Bonnette* factors and articulating additional factors that may be relevant to the analysis).

Plaintiffs' allegations continue to fail to give rise to a plausible inference that they were Plaintiffs' "joint employers" under the FLSA. Plaintiffs did not plead that Peoplease had the power to hire and fire Plaintiffs. *See* FAC ¶ 14-20. Plaintiffs do not allege that Peoplease *supervised* Plaintiffs' work schedules. Instead, they merely pled that Peoplease "[set] schedules and hours," suggesting Peoplease engaged in a mere ministerial administrative task. FAC ¶ 17. Finally, plaintiffs' have not adequately alleged—as described above—that Peoplease determined the pay rate of the plaintiffs or other similarly situated plaintiffs.[9] The totality of the circumstances do not suggest that Peoplease was a joint employer of Plaintiffs in "economic reality." *See Bonnette*, 704 F.2d at 1470 (concluding that state agency was a joint employer of plaintiffs, where the agency paid plaintiffs' wages, controlled the rate and method of payment, maintained employment records, "exercised considerable control over the structure and conditions of employment by making the final determination, after consultation with the [co-

---

[9] Plaintiffs have adequately alleged that Peoplease "maintain[s] employment records." *See* FAC ¶ 15. Nonetheless, the satisfaction of a single *Bonnette* factor does not qualify Peoplease to be an "employer" in light of the other *Bonnette* factors that plaintiffs have not adequately alleged.

employer], of the number of hours each [plaintiff] would work and exactly what tasks would be performed," and "intervened when problems arose which the [co-employer] and the [plaintiff] could not resolve"); *Goonewardene v. ADP, LLC*, 5 Cal. App. 5th 154, 170, 209 Cal. Rptr. 3d 722, 737 (Ct. App. 2016), *as modified on denial of reh'g* (Nov. 29, 2016) (dismissing sixth amended complaint under the "economic reality" test because ADP "acted as Altour's payroll department" and "exercised no material control over appellant's rate of pay, terms of employment, or circumstances of work.").

### III. Leave to Amend

Federal Rule of Civil Procedure 15 provides that courts should freely grant leave to amend when "justice so requires." Fed. R. Civ. P. 15(a). Accordingly, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (internal quotation marks omitted). Amendment may be denied, however, if amendment would be futile. *See id.* As amendments could cure the deficiencies in the pleading, the Court will allow Plaintiffs a final opportunity to amend their complaint. Plaintiffs should take care to plead facts that indicate an inference that Peoplease had the power and authority to control the wages of the plaintiffs and other similarly situated plaintiffs in this case.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss. Plaintiffs may amend their Complaint within fourteen (14) days of entry of this Order.

**IT IS SO ORDERED.**

Dated: January 23, 2018

Hon. Gonzalo P. Curiel
United States District Judge

10
3:17-cv-00250-GPC-JMA